Cheshire, }
June 28, 1934. }

RALPH E. BULL *v.* CLESSON E. GOWING *& a.*

*Roy M. Pickard,* for the plaintiff.

*Doyle & Doyle (Mr. Robert J. Doyle* orally), for Grau & Blanchard.

PEASLEE, C. J.   The plaintiff seeks to maintain his trover suit irrespective of the plight of the defendants, who satisfied the town's claim for the tax assessed against him when they paid the purchase price of his shovel at the tax collector's sale.   That would have been his right and their misfortune before 1895.   But since the enactment of the statute on the subject (Laws 1895, *c.* 64, now P. L., *c.* 66, *s.* 39) the situation is otherwise.   He can now get only what justice requires.

A substantial number of decisions since 1895 have followed the general rule that in the ordinary case justice requires reimbursement to those who have paid the tax as the purchase price of property bought at tax collector's sale, and later taken from them.

The facts suggested in the former opinion as perhaps furnishing grounds for denying such reimbursement have not been shown.   There is no finding of bad faith, or of unreasonable delay in the ascertainment of rights.   The defendants are entitled to be reimbursed for the tax, interest and costs.

There is another feature of the case to be disposed of.   The defendants have had beneficial use of the property.   As to this the

transferred case reads: "If the defendants are entitled to return the steam shovel to the plaintiff, the court would rule that either the plaintiff is entitled to receive reimbursement for the use made of the shovel by the defendants or that they should reimburse him for the difference in value between what the shovel was worth at the time the defendants took possession of it and the time they return it or have offered to return it to the plaintiff."

It is assumed that this is meant to indicate a finding by the presiding justice that justice requires such payment. Such a finding could be made upon the evidentiary facts reported. It follows that the defendants must account for the net value to them of the use of the shovel.

If this amount is larger than their claim against the plaintiff, he will be entitled to the possession of the shovel and to judgment against them for the balance. If it is less than their claim, the plaintiff will be entitled to his shovel upon payment of the balance due to the defendants.

The costs of this suit will be adjusted in the superior court as justice requires.

*Case discharged.*

All concurred.